IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:18-CR-3165 |
| vs. | |
| MAURICE T. BOWENS, | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the revised presentence investigation report and addendum in this case. The defendant objects to the presentence report (filing 31) and has moved for a downward variance (filing 32).

IT IS ORDERED:

1.  The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c) impose upon the United States the burden of proof on all Guidelines enhancements;

(d) impose upon the defendant the burden of proof on all Guidelines mitigators;

(e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant objects to the assessment of one criminal history point for a 2017 conviction of misdemeanor animal neglect in violation of Lincoln, Neb. Mun. Code § 6.04.315. *See* filing 36-1. The presentence report states that "[a]ccording to the court documents, the defendant was charged . . . with own, keep, or harbor an animal and fail, refuse or neglect to provide said animal with adequate veterinary care as is necessary." He pled guilty and paid a $200 fine. But because animal neglect is also an offense under state law, *see* Neb. Rev. Stat. § 28-1009(1),[1] a criminal history point was assessed pursuant to U.S.S.G. §§ 4A1.1(c) and 4A1.2(c)(2).

---

[1] In the absence of argument to the contrary, the Court assumes that the municipal ordinance and state statute are coextensive. *See generally* United States v. Abeyta, 877 F.3d 935, 940 (10th Cir. 2017); *United States v. Laureano*, 162 F. App'x 188, 191 (3d Cir. 2006). Although the municipal ordinance is significantly more detailed than the statute about the requirements of caring for an animal, it appears to the Court that the municipal ordinance

An offense is not counted, however, if it is one of the excluded offenses listed in § 4A1.2(c)(2)—or, if it is "similar" to an excluded offense. The defendant, citing *United States v. Burge*, 683 F.3d 829, 834 (7th Cir. 2012), argues that his offense is similar to the excepted offense of "[f]ish and game violations." Filing 31 at 1.

In determining whether an unlisted offense is similar to a listed offense, the Court

> should use a common sense approach that includes consideration of relevant factors such as (i) a comparison of punishments imposed for the listed and unlisted offenses; (ii) the perceived seriousness of the offense as indicated by the level of punishment; (iii) the elements of the offense; (iv) the level of culpability involved; and (v) the degree to which the commission of the offense indicates a likelihood of recurring criminal conduct.

§ 4A1.2 cmt. n.12. The defendant points to Neb. Rev. Stat. § 37-507 as a comparable game violation, which criminalizes taking game and intentionally leaving or abandoning it, "resulting in wanton or needless waste," or failing to dispose of it "in a reasonable and sanitary manner."

The Court is not entirely persuaded that § 37-507 is apposite—the statute's focus is clearly not animal welfare, nor are the elements

---

simply provides specific instruction on the more general command of state law that the custodian of an animal provide "food, water, or other care as is reasonably necessary for the animal's health." *Compare* § 6.04.315, *with* Neb. Rev. Stat. § 28-1009(4). And both offenses are class I misdemeanors. Lincoln, Neb. Mun. Code § 1.24.010(a); § 28-1009(2)(a).

similar. The comparison in *Burge*, between animal cruelty by abandonment and abandonment of a captured animal in a trap, was closer—and, the Court cannot help but think that the comparison to fish and game offenses in *Burge* was helped along by the fact that the animal at issue was a llama, instead of a more common domestic animal.

Rather, although the defendant doesn't bring it up, the Court has a different comparison in mind: criminal non-support, which is counted only if the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days, or the prior offense was similar to an instant offense. § 4A1.2(c)(1). Under Nebraska law, criminal nonsupport is a class II misdemeanor, and includes intentionally failing a legal obligation to provide food, clothing, medical care, and shelter. Neb. Rev. Stat. § 28-706. Similarly, it is a class I misdemeanor (the same degree of offense as animal neglect) to negligently permit a child to be deprived of necessary food, clothing, shelter, or care. Neb. Rev. Stat. § 28-707(1)(c) and (3).

So, while the Court would not suggest that there is a moral equivalency between children and animals, the offenses do bear similarities when the punishments and the elements are compared, and the basic intent of the offenses is the same—to punish custodians for failing to care for their dependents. *Cf. United States v. Hagan,* 911 F.3d 891, 895-96 (7th Cir. 2019). The defendant's offense demonstrated a lesser degree of culpability, and indicates little likelihood of recurring conduct. Under a common-sense approach, there is some basis to conclude that the defendant's animal neglect offense was akin to non-support within the meaning of § 4A1.2(c)(1).

Nonetheless, the Court will hear from the parties on this point, and make a final determination of this issue at sentencing—specifically, determining whether the defendant carried his burden of establishing that his prior conviction falls within the exception to the default rule of counting toward his criminal history score. *United States v. Garcia-Sandobal*, 703 F.3d 1278, 1284 (11th Cir. 2013); *see United States v. Kitchen*, 428 F. App'x 593, 599 (6th Cir. 2011); *United States v. Martinez-Santos*, 184 F.3d 196, 200 (2d Cir. 1999). (And, more importantly, how much weight to give to the one point—not all criminal history points are of precise "equal value" in this Court.)

3. The defendant also moves for a downward variance (filing 32) based on his personal characteristics, the circumstances of the offense, and the § 3553(a) factors. *See* filing 34. The Court will resolve that motion at sentencing.

4. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

5. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is

requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

6. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

7. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 20th day of June, 2019.

BY THE COURT:

John M. Gerrard
Chief United States District Judge